**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Anthony Lindsay</u>

    v.                                             Case No. 19-cv-1101-PB

<u>Warden, Federal Correctional</u>
<u>Institution, Berlin, New Hampshire</u>

**REPORT AND RECOMMENDATION**

The respondent, the Warden of Federal Correctional Institution, Berlin, New Hampshire ("FCI Berlin"), has moved to dismiss Anthony Lindsay's § 2241 petition for writ of habeas corpus on the grounds that the court lacks jurisdiction to grant habeas relief. Doc. No. 8. Lindsay initially filed his petition in October 2019 while incarcerated at FCI Berlin. Doc. No. 1. In September 2020, however, he was "redesignated" and transferred to the United States Penitentiary in Bruceton Mills, West Virginia ("USP Hazelton").[1] See Cheryl Magnusson Decl. (Doc. No. 8-1). In light of Lindsay's transfer, the court lacks jurisdiction to grant the habeas relief Lindsay seeks. Accordingly, the district judge should grant the Warden's motion and dismiss Lindsay's habeas petition without prejudice.

---

[1] In November 2020, Lindsay requested additional time to respond to the Warden's motion because he was "in transit" and not permanently redesignated to USP Hazelton. Doc. No. 9. The BOP Inmate Locator (<u>available</u> at www.bop.gov) indicates that Lindsay has since been transferred to the Federal Transfer Center in Oklahoma City, OK, where he currently remains incarcerated.

1

I.  **Jurisdiction**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  If jurisdiction is lacking, a court can proceed no further in a case.  Godin v. Schencks, 629 F.3d 79, 83 (1st Cir. 2010).

Two jurisdictional rules limit a district court's authority to grant writs of habeas corpus.  See Parker v. Hazelwood, No. 17-CV-484-LM, 2019 WL 4261832, at *2, 2019 U.S. Dist. LEXIS 152910, at *4 (D.N.H. Sept. 9, 2019).  First, the "immediate-custodian rule" provides that the proper respondent in a habeas challenge to physical confinement is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  "This rule derives from the text of 28 U.S.C. § 2242, which provides that the proper respondent is 'the person who has custody over' the petitioner." Parker, 2019 WL 4261832 at *2, 2019 U.S. Dist. LEXIS 152910, at *5 (quoting 28 U.S.C. § 2242); see also 28 U.S.C. § 2243 (stating that the court should direct a writ to "the person having custody of the person detained").  Second, the "territorial-jurisdiction rule"[2]

---

[2] This rule is also referred to as the "district of confinement rule."  Parker, 2019 WL 4261832, at *2 n.2, 2019 U.S. Dist. LEXIS 152910, at *5 n.2 (citing Padilla, 542 U.S. at 446-47).

2

requires that the court issuing the writ "have personal jurisdiction over the person who holds the petitioner in custody." Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000); see also Padilla, 542 U.S. at 442; 28 U.S.C. § 2241(a) (limiting district courts to granting habeas relief "within their respective jurisdictions").

"Ordinarily, a petitioner can satisfy the immediate-custodian and territorial-jurisdiction rules by naming his [or her] warden as the respondent and filing his [or her] petition in the district of his [or her] confinement." Parker, 2019 WL 4261832, at *3, 2019 U.S. Dist. LEXIS 152910, at *7 (citing Padilla, 542 U.S. at 447). Nevertheless, a petition for habeas relief can subsequently be rendered "moot" if the petitioner is transferred to a federal facility and to the custody of a warden outside the court's territorial jurisdiction. See, e.g., id. (noting limited exceptions to these jurisdictional rules); Gonzalez v. Grondolsky, 152 F. Supp. 3d 39, 44 (D. Mass. 2016).

Here, given Lindsay's transfers, the court lacks the requisite jurisdiction over his immediate custodian to order the relief Lindsay seeks. Though Lindsay complied with the immediate-custody and territorial jurisdiction rules at the time he filed his petition, his immediate custodian is now the Warden of FTC Oklahoma City, who is not properly identified as a respondent and, more importantly, is not within the territorial

3

reach of this federal New Hampshire court.  See Padilla, 542 U.S. at 446-47 (rejecting a "long-arm approach to habeas jurisdiction").  Accordingly, were this court to issue any writ in Lindsay's favor, it would be ineffectual against the persons who actually maintain day-to-day control over him and could produce him in court, if ordered to do so.  See Vasquez, 233 F.3d at 691.

As noted in Parker, every district court in the First Circuit that has confronted similar circumstances — a transfer of a petitioner to a facility outside of the court's territorial jurisdiction during the pendency of habeas proceedings – has held that it should not hear the merits of the transferred petitioner's claims.  Parker, 2019 WL 4261832, at *4, 2019 U.S. Dist. LEXIS 152910, at *11 (citing, among other examples, Gonzalez, 152 F. Supp. 3d at 44 (finding petition moot pursuant to immediate-custodian rule); Mendez v. Martin, C.A. No. 15-408ML, 2016 WL 2849598, at *4 (D.R.I. Apr. 19, 2016), R&R adopted, No. CV 15-408 ML, 2016 WL 2732182 (D.R.I. May 10, 2016) (same)).  Consistent with these rulings, the district judge should dismiss Lindsay's petition, without prejudice to his ability to refile his claims in a court with proper jurisdiction.[3]

---

[3] Though, in the interest of efficiency, the court might have been inclined to transfer this case to the Western District of Oklahoma, rather than dismiss it, this court lacks the authority to do so under the transfer statutes, because when Lindsay filed

## II. Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion to dismiss (Doc. No. 8) and dismiss Lindsay's petition (Doc. No. 1), without prejudice to his ability to refile claims against a proper respondent in the district in which he is incarcerated. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016)

_____
Andrea K. Johnstone
United States Magistrate Judge

February 26, 2021

cc:   Anthony Lindsay, pro se
      Seth R. Aframe, Esq.

---

his petition, he could not have brought this action in Oklahoma. See 28 U.S.C. §§ 1404(a), 1406(a), 1631 (limiting inter-district transfers to a district where the action could have been brought when it was initially commenced).

5